UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME C PENNINGTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MANUEL ABREGO, et al.,<br><br>Defendants. | Case No. 17-cv-07151 NC<br><br>**ORDER TO SHOW CAUSE REGARDING LACK OF SUBJECT MATTER JURISDICTION OVER UNLAWFUL DETAINER REMOVAL**<br><br>Re: Dkt. No. 1 |

On December 15, 2017, defendants Manuel Abrego and Luciana Abrego Torres removed an unlawful detainer action filed by plaintiffs Jerome C. Pennington and Marimelle B. Pennington from Monterey County Superior Court. Dkt. No. 1 at 1-2. The complaint for the unlawful detainer action is dated September 13, 2017, and was attached to the notice of removal. *Id*. at 14. On September 21, 2017, Monterey County Superior Court Judge Marla Anderson issued an order allowing plaintiffs to serve defendants by posting the summons and unlawful detainer complaint on the disputed property's premises and by mailing by certified mail a copy of both documents. *Id*. at 29.

A defendant may remove a civil action filed in state court to federal district court where the district court would have original jurisdiction over the matter. 28 U.S.C. § 1441(a). Removal statutes are strictly construed against removal, and place the burden on the defendant to show removal is proper. *Moore-Thomas v. Alaska Airlines, Inc*., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir.

Case No. 17-cv-07151 NC

1992)). Removal by defendant must occur within 30 days of service. 28 U.S.C. § 1446(b)(1). A case must be remanded to state court if it appears at any time before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Here, defendants have not provided grounds for finding federal subject matter jurisdiction exists. In the removal notice, defendants state removal is proper because "Defendant's demurrer, a pleading, depend on the determination of Defendant's rights and Plaintiff's duties under federal law, Damages exceeding $75,000.00." Dkt. No. 1 at 2. The Court is unclear whether defendants remove the unlawful detainer case on the basis of diversity or federal question jurisdiction. Thus, the Court will discuss both.

Federal courts have original jurisdiction on the basis of diversity where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). In the notice of removal, defendants state that their damages exceed $75,000.00. Dkt. No. 1 at 2. However, defendants do not allege the parties are diverse. Further, removal is improper on the basis of diversity because according to defendants, the plaintiffs filed the unlawful detainer action in Monterey County Superior Court, and defendants possess plaintiffs' Castroville, California property. Dkt. No. 1 at 1-2, 14. It appears that the defendants live on the property. *See id*. at 25, 28. 28 U.S.C. § 1441(b) prohibits removal where a defendant is a citizen of the state in which the plaintiff originally brought the action. The Court is therefore concerned that the defendant cannot meet the burden of proving diversity jurisdiction exists.

Defendants likewise failed to allege federal question jurisdiction exists. A defendant in a state court may remove a case to federal court so long as the action could have originally asserted federal question jurisdiction. 28 U.S.C. 1441(a).[1] The burden is on the removing party to prove the basis for the federal court's jurisdiction. *Moore-*

---

[1] To the extent that defendants attempt to remove this case on the basis that their demurrer "depend[s] on the determination of Defendant's rights and Plaintiff's duties under federal law," dkt. no. 1 at 2, the Court notes that a federal question must be presented "on the face of the plaintiff's properly pleaded complaint." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) (citations omitted). A federal defense to a state court claim does not confer jurisdiction. *Id*.

Case No. 17-cv-07151 NC        2

*Thomas*, 553 F.3d at 1244. If, after a court's prompt review of a notice of removal, "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." U.S.C. § 1446(c)(4) (emphasis added).

Defendants raised no federal question. "Unlawful-detainer claims do not arise under federal law and, without more, the court lacks federal-question jurisdiction." *PNC Bank Nat'l Ass'n v. Ahluwalia*, No. 15-cv-01264 WHA, 2015 WL 3866892, at *4 (N.D. Cal. June 22, 2015) (citing *Fed. Nat'l Mortg. Assoc. v. Lopez*, No. 11-cv-00451 WHA, 2011 WL 1465678, at *1 (N.D. Cal. Apr. 15, 2011); *GMAC Mortg. LLC v. Rosario*, No. 11-cv-01894 PJH, 2011 WL 1754053, at *2 (N.D. Cal. May 9, 2011); and *Wescom Credit Union v. Dudley*, No. 10-cv-08203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010)). Defendants attempt to sidestep this requirement by filing a "Notice of Claim of Unconstitutionality" stating that the "California unlawful detainer law fail[s] to provide equal protection of the law afforded in a traditional Agreement between parties in violation of California Constitution [Article] 1, Section 7 and the 14th and 5th Amendments of the United States Constitution." Dkt. No. 4 at 1-2. Defendants do not mention the substance of the California unlawful detainer statute, California Code of Civil Procedure § 1161, nor do defendants discuss how the law deprives them of equal protection of the law. It is defendants' burden to show the Court has subject matter jurisdiction over this case, and their removal papers do not satisfy this burden. *Moore-Thomas*, 553 F.3d at 1244.

Furthermore, the Court does not know if the removal was timely because defendants did not provide the date they were served with the California state court complaint. 28 U.S.C. § 1446(b)(1) (notice of removal must be filed within 30 days of receipt by defendant of a copy of the initial pleading "upon which such action or proceeding is based," or of service of summons upon defendant if the pleading was filed in court and is not required to be served upon defendant).

Lastly, the Court cautions defendants that a defendant who removes a case improperly may be assessed costs under 28 U.S.C. § 1447. In particular, § 1447(c)

Case No. 17-cv-07151 NC  3

provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id.*

Because it appears that jurisdiction is lacking, the Court ORDERS defendants to show cause why this case should not be remanded to Monterey County Superior Court. Defendants must file a brief not to exceed seven (7) pages in response to this order by January 5, 2018. Neither plaintiffs nor defendants have consented to or declined the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). Assuming both parties have not consented to magistrate judge jurisdiction by January 5, the Court cautions defendants that if they do not file a response to this order showing that this case belongs in federal court, the Court will order this case reassigned to a district judge with the recommendation that the district judge remand this case to Monterey County Superior Court.

Finally, the Court informs defendants that the Federal Pro Se Program at the San Jose Courthouse provides free information and limited-scope legal advice to pro se litigants in federal civil cases. The Federal Pro Se Program is available by appointment and on a drop-in basis. The Federal Pro Se Program is available at Room 2070 in the San Jose United States Courthouse (Monday to Thursday 1:00 - 4:00 pm, on Friday by appointment only), and The Law Foundation of Silicon Valley, 152 N. 3rd Street, 3rd Floor, San Jose, CA (Monday to Thursday 9:00 am - 12:00 pm, on Friday by appointment only), or by calling (408) 297-1480.

**IT IS SO ORDERED.**

Dated: December 20, 2017

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 17-cv-07151 NC	4